# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:13-cv-00286-MR
# [CRIMINAL CASE NO. 3:01-cr-00210-MR-3]

| | |
|---|---|
| SILAS THOMAS KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. § 2255 [Doc. 1] and on Petitioner's Motion to Appoint Counsel [Doc. 2]. For the reasons that follow, Petitioner's motion for the appointment of counsel will be denied, and Petitioner's Section 2255 motion will be dismissed as untimely.

**I.     BACKGROUND**

On February 7, 2003, Petitioner was convicted by a jury in this District on multiple counts, including conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); armed bank robbery and aiding and

abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2; using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2; possession of a firearm by a convicted felon; and possession of ammunition by a convicted felon, all in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:01-cr-00210, Doc. 141: Jury Verdict]. Petitioner was sentenced by the Honorable Lacy H. Thornburg to a total term of 1,320 months' imprisonment and he appealed to the United States Court of Appeals for the Fourth Circuit. [Id., Doc. 164: Judgment].

On appeal, the Circuit panel affirmed Petitioner's convictions but vacated his sentences and remanded for resentencing based on the Court's finding that the district court erred in enhancing Petitioner's Guideline range based on facts that were not found by the jury. See United States v. King, 161 F. App'x 296, 297 (4th Cir. 2006) (unpublished) (citing United States v. Booker, 543 U.S. 220 (2005) (holding that mandatory guidelines scheme which provides for sentencing enhancements based on facts not found by the jury violates the Sixth Amendment).

On remand, Petitioner was sentenced to a term of 1,145 months' imprisonment. [Criminal Case no. 3:01-cr-00210, Doc. 197: Amended Judgment]. Petitioner again appealed. On appeal, Petitioner's counsel

2

filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there were no meritorious issues for appeal, but questioning whether the district court erred in declining to group bank robbery convictions that involved the same victim. Id. The Fourth Circuit affirmed Petitioner's sentence, finding that grouping the convictions was inappropriate in Petitioner's case, and further finding that Petitioner's sentence was properly calculated on remand under the Guidelines. United States v. King, 263 F. App'x 332, 333 (4th Cir.) (unpublished), cert. denied, 553 U.S. 1075 (2008) (citing U.S. Sentencing Guidelines Manual § 3D1.2(b) (USSG) and § 3D1.2, cmt. n.4 (2006)). The Fourth Circuit declined to consider Petitioner's *pro se* challenges to his convictions as those had already been affirmed in his first appeal. Id. (finding this issue foreclosed by the mandate rule) (citing United States v. Bell, 5 F.3d 64, 66) (4th Cir. 1993)). Finally, the Court dismissed his ineffective assistance of counsel claim for a lack of an adequate record and rejected his contention that he was entitled to be resentenced because he was not allowed to allocute during his resentencing hearing. Id. at 333-34.

Petitioner avers that he placed the present § 2255 motion in the prison mailing system on May 2, 2013. The Court received the petition on May 9, 2013.

3

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty (AEDPA) of 1996, as amended, provides in relevant part that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

4

> made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's judgment became final on May 27, 2008, when the Supreme Court denied his petition for a writ of certiorari. Therefore, Petitioner had until May 27, 2009 to file his § 2255 motion. 28 U.S.C. § 2255(f)(1). Petitioner, however, did not file his § 2255 motion until May 2, 2013. See Houston v. Lack, 487 U.S. 266, 276 (1988). As such, Petitioner's motion is untimely.

Petitioner concedes that his § 2255 motion is untimely but argues that he delayed filing for collateral relief only because he was awaiting the ruling of the Supreme Court on his certiorari petition. [Doc. 1 at 12].[1] In order to be entitled to equitable tolling, a petitioner must demonstrate that he has been pursuing his rights diligently, and that some extraordinary circumstance impeded his ability to timely file a § 2255 motion. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). Petitioner

---

[1] Because Petitioner acknowledges that his § 2255 motion is untimely, the Court need not issue any warning pursuant to Hill v. Braxton, 277 F.3d 701 (2002).

5

has failed to demonstrate any basis for equitable tolling in this case. Petitioner was clearly aware that his appellate attorney filed a petition for writ of certiorari with the Supreme Court, but he waited nearly four years to file his § 2255 motion because he was "unaware of any result" or disposition of his petition for certiorari. [Doc. 1 at 2]. Petitioner's explanation plainly fails to demonstrate that he was diligently pursuing his right to file for collateral relief from his final judgment. Indeed, Petitioner could have inquired of his appellate attorney, the Fourth Circuit, or the Supreme Court in a timely manner to determine the outcome of his petition for certiorari.[2] For the foregoing reasons, the Court finds that Petitioner has failed to demonstrate that he is entitled to equitable tolling. Accordingly, his § 2255 motion will be dismissed as untimely.

Further, Petitioner's motion for the appointment of counsel must be denied. Prisoners have no constitutional right to counsel in a post-conviction proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555-56

---

[2] Even if Petitioner's motion were not time-barred, his motion would still be subject to dismissal. Petitioner presents four grounds for relief in his § 2255 motion: (1) ineffective assistance of counsel by failing to explain a plea offer; (2) challenge to the racial composition of the jury; (3) challenge to the testimony of co-defendants and government witnesses; and (4) government intimidation of Petitioner's potential witnesses. Each of these grounds for relief were, or should have been, known to Petitioner in 2003 following his conviction and thus could have been raised in a timely manner on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354 (1994) (internal citation omitted).

(1987); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004).  Nonetheless, the Court may appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation.  See 18 U.S.C. § 3006A(a)(2)(B).  In the instant case, however, Petitioner has failed to demonstrate that the interests of justice warrant the appointment of counsel.  See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).  Accordingly, Petitioner's request for the appointment of counsel is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 22, 2014

Martin Reidinger
United States District Judge