UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-cr-210-MOC-1

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| vs.       ) | |
| ) | **ORDER** |
| SILAS THOMAS KING,       ) | |
| ) | |
| Defendant.       ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Silas King's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 252). The Government has responded in opposition to the motion, and Defendant has filed a Reply.

### I.  BACKGROUND

**A.  Defendant's Conviction and Sentence Based on Stacking of Section 924(c) Offenses**

Between February 2000 and May 2001, Defendant and Bobby Johnson committed the armed robbery of eight banks in North and South Carolina, including three banks in Charlotte, North Carolina, two banks in Rock Hill, South Carolina, and banks in Statesville, Monroe, Concord, and Winston-Salem, North Carolina. (Case No. 3:01CR210, Doc. No. 223 ¶¶ 13–20). Defendant and Johnson brandished firearms and bound tellers with flex cuffs or plastic during all but one of the robberies. (Id.). During two of the robberies, Defendant and Johnson struck bank employees in the head; during one robbery, they threw the tellers on the floor before binding their hands and feet with flex cuffs; and during two of the robberies, Defendant and Johnson forced bank tellers to disrobe. (Id.). Defendant or Johnson also discharged a firearm during their

-1-

first bank robbery. (Id., ¶ 13). In total, Defendant and Johnson stole more than $1.2 million. (Id., ¶ 28). When Defendant committed his offenses, he was 31 and 32 years old and had previously been convicted of breaking-and-entering and burglary offenses. (Id., ¶¶ 138–39).

A federal grand jury indicted Defendant and charged him with conspiracy to commit bank robbery and armed bank robbery, 18 U.S.C. § 371; conspiracy to commit money laundering, 18 U.S.C. § 1956(h); four counts of bank robbery, 18 U.S.C. § 2113(a); four counts of armed bank robbery, 18 U.S.C. § 2113(d); and four counts of using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). (Id., Doc. 117). In a separate indictment, the grand jury charged Defendant with four counts of possessing either a firearm or ammunition as a convicted felon. (Id., Doc. 223 ¶ 8). The Government later dismissed two of those charges. (Id., ¶ 10). Defendant's case was tried by a jury, and the jury found Defendant guilty of each of the charged offenses. (Id., Doc. 141; id., Doc. 223 ¶ 10).

This Court's probation office submitted a presentence report and calculated a total offense level of 37 for the bank-robbery, money-laundering, and felon-in-possession offenses. (Id., Doc. 223 ¶ 134). When this offense level was combined with a criminal history category of IV, the Sentencing Guidelines called for a sentence of between 292 and 365 months in prison for those offenses. (Id., ¶ 164). Defendant faced statutory maximum terms of 5 years in prison for the bank-robbery-conspiracy offense, 20 years in prison for the money-laundering offense, 25 years in prison for each of the armed-bank-robbery offenses, and 10 years in prison for both of the felon-in-possession offenses. (Id., ¶ 163). This Court was required to sentence Defendant to a consecutive term of 10 years in prison for the first Section 924(c) conviction and to consecutive terms of 25 years in prison for each of the remaining three Section 924(c)

-2-

convictions, for an aggregate consecutive term of 85 years in prison. (<u>Id.</u>, ¶¶ 163–64). This Court sentenced Defendant to concurrent terms of 60 months in prison for the bank-robbery conspiracy offense, 125 months in prison for the money-laundering and armed-bank-robbery offenses, and 120 months in prison for the felon-in-possession offenses. (<u>Id.</u>, Doc. No. 197 at 2). This Court sentenced Defendant to a consecutive term of 120 months in prison for the first Section 924(c) offense and to consecutive terms of 300 months in prison for the remaining three Section 924(c) offenses, for an aggregate sentence of 1,145 months in prison. (<u>Id.</u>, Doc. No. 67 at 2).

The probation office reports that Defendant has 268 months of credited time in the Bureau of Prisons. (Doc. No. 258-1). Defendant has incurred four disciplinary citations between 2009 and January of 2017, including citations for fighting and possessing a dangerous weapon. (<u>Id.</u>). Defendant has completed his GED and 14 additional educational or work programs. (<u>Id.</u>).

Earlier this year, Defendant submitted a request for compassionate release with the Bureau of Prisons, and it was either denied or received no response. Defendant now asks this Court to grant him compassionate release.

**B.  Legal Changes Regarding Stacking of Section 924(c) Offenses**

When Defendant was sentenced, the law allowed the government to charge defendants with multiple violations of Section 924(c) based on a single underlying conspiracy offense. In addition, if convicted of multiple Section 924(c) counts that were charged in a single indictment, the sentencing court was required to sentence the defendant to five years imprisonment for the first conviction, and then sentence the defendant to twenty years imprisonment for each subsequent conviction, all of which were required to run consecutive to one another.

Beginning in the late-1980s and throughout the 1990s, Circuit Courts of Appeal around

-3-

the country examined the first stacking issue mentioned in the above paragraph (charging multiple Section 924(c) violations based on a single underlying offense). The majority of Circuit Courts of Appeal that addressed the issue held that separate Section 924(c) charges must be based on separate predicate offenses; i.e., multiple Section 924(c) counts could not be based on a single drug conspiracy charge. See, e.g., United States v. Anderson, 59 F.3d 1323, 1334 (D.C. Cir. 1995) (en banc); United States v. Lindsay, 985 F.2d 666, 672 (2d Cir. 1993); United States v. Privette, 947 F.2d 1259, 1262–63 (5th Cir. 1991); United States v. Sims, 975 F.2d 1225, 1233–36 (6th Cir. 1992); United States v. Cappas, 29 F.3d 1187, 89 (7th Cir. 1994); United States v. Fontanilla, 849 F.2d 1257, 1258–59 (9th Cir. 1988); United States v. Moore, 958 F.2d 310, 312–14 (10th Cir. 1992); and United States v. Hamilton, 953 F.2d 1344, 1346 (11th Cir. 1992). The Fourth Circuit was in the minority of circuits that adopted the contrary approach. See United States v. Camps, 32 F.3d 102 (4th Cir. 1994); see also United States v. Edwards, 994 F.2d 417, 423-24 (8th Cir. 1993).

While the Supreme Court did not address the circuit split, the Department of Justice did. In 1999, James K. Robinson, who was Assistant Attorney General at the time, issued a memorandum (the Robinson Memorandum) instructing United States Attorney's Offices to follow the majority approach and base each separate Section 924(c) count upon a separate predicate offense.

## II.    DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction"

-4-

and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before the First Step Act amended Section 3582(c)(1)(A), a court could only act to reduce a defendant's sentence for extraordinary and compelling reasons if the BOP filed a motion seeking that relief.

Before the First Step Act was enacted, the Sentencing Commission issued a policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A). The policy statement, found in U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." The application note also sets out various conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the

-5-

defendant's age and family circumstances.[1] U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

In December 2020, the Fourth Circuit Court of Appeals held in United States v. McCoy that the policy statement is not binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. 981 F.3d 271 (4th Cir. 2020). Specifically, the McKoy court held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy court reasoned that, because Section 1B1.13 applies only to motions brought by the BOP, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284.

The First Step Act also amended 18 U.S.C. § 924(c), removing the possibility that a defendant will receive "stacked" Section 924(c) sentences by requiring that the 25-year mandatory-minimum sentence that applies for a second or successive Section 924(c) conviction applies only "when a prior § 924(c) conviction arises from a separate case and already "has

---

[1] These include (1) a terminal illness; or (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). A defendant's age may also warrant compassionate release, if (1) the defendant is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less. Id., § 1B1.13 cmt. n.1(B). Congress has made clear that rehabilitation of the defendant alone "shall not be considered an extraordinary and compelling reason" for a modification. 28 U.S.C. § 994(t).

-6-

become final." First Step Act § 403(a), 132 Stat. at 5222. That change does not apply retroactively to sentences that were imposed before December 21, 2018, the effective date of the First Step Act. Id. § 403(b).

Defendant has not alleged that he satisfies any of the criteria for compassionate release authorized in section 1B1.13. Instead, he asks this Court to exercise its discretion to grant him compassionate release because he is serving stacked 25-year sentences for section 924(c) convictions arising out of a spree of four violent bank robberies. In McCoy, the Fourth Circuit held that a district court may "treat[] as [an] 'extraordinary and compelling reason[]' for compassionate release the severity of the [defendant's] § 924(c) sentences and the extent of the disparity between the [defendant's] sentences and those provided for under the First Step Act." 981 F.3d at 286. The court must make an individualized determination that the defendant has identified an extraordinary and compelling reason for compassionate release, considering, for example, the length of time already served, any rehabilitative efforts made during the defendant's time in the Bureau of Prisons, the defendant's prior criminal history, and the defendant's age at the time he committed his offenses. See id.

Were Section 403 of the First Step Act in effect when Defendant was sentenced, he would have received a sentence of no more than seven years in prison for each of his section 924(c) sentences. See 18 U.S.C. § 924(c)(1)(A)(ii). Defendant's prior criminal history consists of one conviction of breaking and entering and two burglary offenses, and although he has received four disciplinary citations while in the Bureau of Prisons, he has performed relatively well and has not received any citations since 2017. See (Doc. No. 258-1).

On the other hand, Defendant committed eight armed robberies, during which he

terrorized bank employees by binding them with flex cuffs or plastic tape, striking and kicking some of the employees, and requiring that some of his victims disrobe. Because of the extraordinarily violent nature of Defendant's offense conduct, the need to protect the public, and the need to deter Defendant and others from similar committing similar crimes, the Court will deny the motion.

## ORDER

(1) **IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 252) is **DENIED**.

Signed: July 22, 2021

Max O. Cogburn Jr.
United States District Judge

-8-