# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:01-cr-210

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **SILAS THOMAS KING,** | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Terminate Restitution. (Doc. No. 263). The Government has responded in opposition to the motion.

## I. BACKGROUND

Defendant was convicted in this Court in 1999 of armed bank robbery, aiding and abetting; conspiracy to commit money laundering; and possession of firearm and ammunition by a convicted felon. At sentencing, the Court ordered Defendant to pay a $1,200.00 special assessment and $1,289,565.23 in restitution. Defendant is jointly and severally liable with co-defendants Bobby Johnson and Letecia King for the total amount of restitution. Defendant has paid $1,538.70 toward his monetary penalties. As of November 16, 2021, the current balance of Defendant's restitution debt is $1,280,082.10.

## II. DISCUSSION

In Defendant's Motion to Terminate Restitution, he appears to request that his restitution judgment be terminated because (1) his debt expires in two years; and (2) FCI Hazelton is aggressively enforcing his debt beyond his ability to pay. Neither of these grounds provides a valid basis for terminating his restitution.

First, there is no procedural mechanism for terminating restitution. Restitution imposed

pursuant to the Mandatory Victim Restitution Act ("MVRA") may not be terminated, revoked, or remitted. United States v. Roper, 462 F.3d 336, 338–39 (4th Cir. 2006). The MVRA permits modification of final restitution orders under four circumstances. An order of restitution may be corrected within fourteen days after sentencing for "arithmetical, technical, or other clear errors." FED. R. CRIM. P. 35(a); 18 U.S.C. § 3664(o)(1)(A). It may be modified or corrected on appeal under Section 3742. 18 U.S.C. § 3664(o)(1)(A). It may be amended under Section 3664(d)(5) because losses were not ascertainable at the time of sentencing. 18 U.S.C. § 3664(o)(1)(C). The manner in which restitution must be paid may be adjusted under Section 3664(k). 18 U.S.C. § 3664(o)(1)(D). None of these circumstances apply here. Defendant's appeals have been decided, and the time for otherwise challenging the judgment has passed.

Defendant is also incorrect that his restitution obligation expires in two years. Under 18 U.S.C. § 3613(b), "[t]he liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." (emphasis added). Defendant's release date is March 21, 2083. His restitution obligation will expire 20 years from when he is released.

To the extent Defendant challenges his payment schedule under the Inmate Financial Responsibility Program ("IFRP"), his motion is procedurally improper. Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. See United States v. Boulware, No. 1-09-CR-55, 2016 WL 4418239, at *1 (W.D.N.C. Aug. 17, 2016) (citing McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999)). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. Id. Here, if Defendant has concerns about his IFRP

contributions, he must raise those concerns with the BOP, not with this Court. If he wants to be removed from the IFRP, he should likewise raise that request with the BOP. Under the terms of the program, he can stop his participation in the program at any time, and he does not need court intervention to do so.

## ORDER

For the reasons stated herein, Defendant's pro se Motion to Terminate Restitution, (Doc. No. 263), is **DENIED**.

Signed: December 7, 2021

Max O. Cogburn Jr
United States District Judge