UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-cr-210-MOC
3:01-cr-211-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **SILAS THOMAS KING,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Silas King's pro se Second Motion for Compassionate Release/Reduction of Sentence. (3:01-cr-210, Doc. No. 269; 3:01-cr-211, Doc. No. 81). The Government has responded in opposition to the motion. (3:01-cr-210, Doc. No. 272; 3:01-cr-211, Doc. No. 84).

I.  **BACKGROUND**

Between February 2000 and May 2001, Defendant and Bobby Johnson committed the armed robbery of eight banks in North and South Carolina, including three banks in Charlotte, North Carolina, two banks in Rock Hill, South Carolina, and individual banks in Statesville, Monroe, Concord, and Winston-Salem, North Carolina. (Case No. 3:01CR210, Doc. No. 223 ¶¶ 13–20). Defendant and Johnson brandished firearms and bound tellers with flex cuffs or plastic during all but one of the robberies. (Id.). During two of the robberies, Defendant and Johnson struck bank employees in the head. During another, they threw the tellers on the floor before binding their hands and feet with flex cuffs. In two other robberies, Defendant and Johnson forced bank tellers to disrobe. (Id.). Defendant or Johnson also discharged a firearm during their first bank robbery. (Id., ¶ 13). In total, Defendant and Johnson stole more than $1.2 million. (Id.,

-1-

¶ 28). When Defendant committed his offenses, he was 31 and 32 years old and had previously been convicted of breaking-and-entering and burglary. (Id., ¶¶ 138–39).

A federal grand jury indicted Defendant and charged him with conspiracy to commit bank robbery and armed bank robbery, 18 U.S.C. § 371; conspiracy to commit money laundering, 18 U.S.C. § 1956(h); four counts of bank robbery, 18 U.S.C. § 2113(a); four counts of armed bank robbery, 18 U.S.C. § 2113(d); and four counts of using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1). (Id., Doc. 117). In a separate indictment, the grand jury charged Defendant with four counts of possessing either a firearm or ammunition as a convicted felon. (Id., Doc. 223 ¶ 8). The Government dismissed two of the latter charges. (Id., ¶ 10). A jury found Defendant guilty of each of the charged offenses. (Id., Doc. 141; id., Doc. 223 ¶ 10).

The probation office's presentence report specified a total offense level of 37 for the bank-robbery, money-laundering, and felon-in-possession offenses. (Id., Doc. 223 ¶ 134). For this offense level, combined with Defendant's criminal history category of IV, the Sentencing Guidelines recommended between 292 and 365 months imprisonment. (Id., ¶ 164). Defendant faced statutory maximum terms of 5 years in prison for the bank-robbery-conspiracy offense, 20 years in prison for the money-laundering offense, 25 years in prison for each of the armed-bank-robbery offenses, and 10 years in prison for both felon-in-possession offenses. (Id., ¶ 163).

This Court was required to sentence Defendant to a consecutive term of 10 years in prison for the first Section 924(c) conviction and to consecutive terms of 25 years in prison for each of the remaining three Section 924(c) convictions, for an aggregate consecutive term of 85 years in prison. (Id., ¶¶ 163–64). This Court sentenced Defendant to concurrent terms of 60

months in prison for the bank-robbery conspiracy offense, 125 months in prison for the money-laundering and armed-bank-robbery offenses, and 120 months in prison for the felon-in-possession offenses. (Id., Doc. No. 197 at 2). This Court further sentenced Defendant to a consecutive term of 120 months in prison for the first Section 924(c) offense and to consecutive terms of 300 months in prison for the remaining three Section 924(c) offenses, for an aggregate sentence of 1,145 months in prison. (Id., Doc. No. 67 at 2).

In 2021, Defendant moved for compassionate release. (Id., Doc. Nos. 252, 255). This Court denied Defendant's motion, finding "the extraordinarily violent nature of [Defendant's] offense conduct, the need to protect the public, and the need to deter [Defendant] and others from committing similar crimes" weighed against discretionary sentence reduction. (Id., Doc. No. 260 at 8).

The probation office reports that Defendant, now 54 years old, has 268 months of credited time in the Bureau of Prisons. Defendant has incurred four disciplinary citations between 2009 and January of 2017, including citations for fighting and possessing a dangerous weapon. Defendant has completed his GED and 14 additional educational or work programs.

Defendant again moves for compassionate release. (Id., Doc. No. 252). Defendant asserts that he submitted a request for compassionate release with his warden on October 24, 2023. (Id., Doc. No. 269 at 4).

**II.     DISCUSSION**

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction

is consistent with "applicable policy statements issued by the Sentencing Commission." The policy statement applicable to compassionate-release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." Relevant to this motion, subsection (6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

-4-

If Defendant were sentenced today, he would receive no more than 7 years in prison for each of his section 924(c) sentences. See 18 U.S.C. § 924(c)(1)(A)(ii). Combined with a 125-month term for Defendant's bank-robbery and money-laundering offenses, Defendant's firearm convictions would likely have resulted in an aggregate sentence of 461 months in prison. Defendant contends that extraordinary and compelling circumstances justify his motion for early release because he received an "unusually long sentence" within the meaning of Section 1B1.13(b)(6).

The Government concedes that Defendant is currently serving an "unusually long" sentence under Section 1B1.13(b)(6): Defendant has served more than 10 years of his sentence, and there is a gross disparity between his current sentence of 1,145 months in prison and the 461-month sentence he likely would receive under current law.

The Government asserts, however, that the Sentencing Commission overstepped its delegated authority by adding Section 1B1.13(b)(6), and that including nonretroactive changes in the law as "extraordinary and compelling reasons" justifying sentence reduction contradicts precedent and the plain language of Section 3582(c). The Government contends that Section 1B1.13(b)(6) is invalid because it exceeds the Commission's Congressionally delegated authority. The Government argues that, in any event, the Section 3553(a) factors do not favor compassionate release due to the violent nature of Defendant's offenses, and that Defendant still poses a danger to the community.

The Court agrees with the Government that, even if Defendant could show "extraordinary and compelling reasons" justifying a sentence reduction, the sentencing considerations at 18 U.S.C. § 3553(a) counsel against sentence reduction in this case. Defendant committed eight

armed robberies, during which he terrorized bank employees by binding them with flex cuffs or plastic tape, striking and kicking them, and requiring that some of his victims disrobe. In light of Defendant's violent conduct, the Section 3553(a) factors—especially the need to protect the public and to deter others from committing similar crimes—weigh decisively against sentence reduction.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release (3:01-cr-210, Doc. No. 269; 3:01-cr-211, Doc. No. 81) is **DENIED**.

Signed: February 21, 2024

Max O. Cogburn Jr
United States District Judge