UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-cr-210-MOC
3:01-cr-211-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | |
| | ) | **ORDER** |
| SILAS THOMAS KING, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motions to Reopen Time to File an Appeal, Reconsider, Alter and Amend Judgment, filed in both of his criminal cases. (3:01-cr-210, Doc. No. 276; 3:01-cr-211, Doc. No. 88), and on the Government's Motion to Dismiss Defendant's Moton to Reopen the Time to Appeal, also filed in both of Defendant's criminal cases. (3:01-cr-210, Doc. No. 282; 3:01-cr-211, Doc. No. 94).

In the pending motions, Defendant argues that the Court should re-open the time to appeal from this Court's orders dated February 21, 2024, in which the Court denied Defendant's motions for compassionate release. See (3:01-cr-210, Doc. No. 273; 3:01-cr-211, Doc. No. 85). He also seeks relief under Federal Rules of Civil Procedure 59(e) and 60(b). In response, the Government has filed motions to dismiss Defendant's motions to reopen time to appeal in both of his criminal cases.

For the following reasons, the Court will **DENY** Defendant's motions and **GRANT** the Government's motions to dismiss.

**I.    BACKGROUND**

After a jury trial, Defendant was convicted of charges relating to several bank robberies and possession of a firearm by a convicted felon and possession of ammunition by a convicted

felon. This Court sentenced Defendant to 1,320 months in prison. The Fourth Circuit affirmed his conviction but remanded for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). United States v. King, 161 F. App'x 296 (4th Cir. 2006). On remand, the Court sentenced Defendant to 1,145 months in prison. (Doc. No. 62).

Defendant subsequently filed a motion to reduce his sentence through compassionate release in both of his criminal cases. This Court denied both of Defendant's motions on February 21, 2024. Defendant then filed motions for reconsideration in both criminal cases. This Court denied both motions for reconsideration on May 14, 2024.

Defendant filed his present motions, in both of his criminal cases, to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6) and motions to "Reconsider, Alter and Amend Judgment" pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) via certified mail on May 20, 2024, at the earliest. He acknowledges that a notice of appeal in a criminal case must be filed within 14 days after entry of the order or judgment. He contends, however, that the Court's Clerk failed to serve notice of entry of the February 21, 2024 Order denying his motions for compassionate release. Defendant has attached a copy of the envelope from the Court, which is postmarked February 21, 2024. He asserts, however, that he did not receive the Court's decision until April 11, 2024. And he contends that his motion to reopen the time to appeal is timely because he filed it within 180 days of the Court's order denying his motion for compassionate release.

II. DISCUSSION

The Court will dismiss Defendant's motion to reopen the time to appeal because it is untimely. An appeal from a final judgment or order in a criminal case must be filed within 14 days after entry of the judgment or order. FED. R. APP. P. 4(b)(1)(A)(i); Manrique v. United

States, 581 U.S. 116, 120 (2017). Federal Rule of Appellate Procedure 4(b)(4) allows a district court, upon "a finding of excusable neglect or good cause," to extend the filing time for a notice of appeal by up to 30 days. FED. R. APP. P. 4(b)(4). A court may not extend the time to file a notice of appeal beyond that limit. FED. R. APP. P. 26(b)(1).

Defendant filed his motion to reduce sentence for compassionate release under 18 U.S.C. § 3582(c), as a motion in his criminal case. (Doc. No. 81). Because a Section 3582(c) motion is "criminal in nature," the Federal Rules of Criminal Procedure apply. See United States v. Goodwyn, 596 F.3d 233, 235 n.* (4th Cir. 2010) (recognizing "the Federal Rules of Civil Procedure do not apply to motions under § 3582"); United States v. Ono, 72 F.3d 101, 102–03 (9th Cir. 1995). Defendant, therefore, had 14 days after the Court entered its judgment on February 21, 2024, or until March 6, 2024, to file a timely notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i). He had 30 days after that, or until April 5, 2024, to file a timely motion to extend the time to appeal. FED. R. APP. P. 4(b)(4). Defendant's motion to reopen the time to appeal is untimely because he did not file it until May 20, 2024, at the earliest. Because Defendant filed his motion beyond the 30-day period during which the Court could reopen the time to appeal, the Court lacks authority to grant it. See FED. R. APP. P. 26(b)(1); United States v. Oviedo, No. 21-13046, 2022 WL 16985106, at *2–3 (11th Cir. 2022) (unpublished). Accordingly, the Court will dismiss Defendant's motion to reopen the time to appeal as untimely.

Next, Defendant's additional request for relief under Federal Rules of Civil Procedure 59(e) and 60(b) is misplaced. He cannot use the Federal Rules of Civil Procedure to challenge a judgment in his criminal case. See United States v. Leake, 96 F. App'x 873, at *1 (4th Cir. 2004). And any request for reconsideration also would be untimely because it was not filed prior to the Court's order becoming final. See United States v. Maisey, No. 21-6134, 2021 WL

4473393, at *1 (4th Cir. 2021) (holding "a motion for reconsideration in a criminal case is untimely when it is filed outside the appeal period for the underlying order or judgment"). Accordingly, the Court also dismisses Defendant's request for relief under Federal Rules of Civil Procedure 59(e) and 60(b).

III.   CONCLUSION

For the reasons stated herein, Defendant's pro se Motions to Reopen Time to File an Appeal, Reconsider, Alter and Amend Judgment, filed in both of his criminal cases. (3:01-cr-210, Doc. No. 276; 3:01-cr-211, Doc. No. 88), is **DENIED**, and the Government's Motion to Dismiss Defendant's Moton to Reopen the Time to Appeal, also filed in both of Defendant's criminal cases. (3:01-cr-210, Doc. No. 282; 3:01-cr-211, Doc. No. 94), is **GRANTED**.

**IT IS SO ORDERED**.

Signed: August 28, 2024

Max O. Cogburn Jr
United States District Judge